IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02213-CNS

In Re: REVELANT HOLDINGS LLC,

    Debtor.

SYNERGETIC OIL TOOLS, INC and
BRIAN HERMAN,

    Appellants,

v.

RELEVANT HOLDINGS LLC,

    Appellee.

## ORDER

Before the Court is an appeal brought by Appellant-Creditors, Synergetic Oil Tools, Inc., and Brian Herman (Appellants) from the United States Bankruptcy Court for the District of Colorado (the Bankruptcy Court). The Appellants argue that the Bankruptcy Court erred in denying the parties' Second Stipulated Motion to Extend the Deadline to Object to Debtor's Discharge filed by creditor Synergetic (*see* ECF No. 1 at 7). Exercising jurisdiction under 28 U.S.C. § 158(a), the Court REVERSES and REMANDS the case back to the Bankruptcy Court consistent with this Order.[1]

---

[1] After examining the parties' briefs and appellate record from the Bankruptcy Court's proceedings, the Court concludes that oral argument would not materially assist in the resolution of this appeal.

1

In October 2020, Relevant Holdings, Inc, (the Debtor) filed a petition in bankruptcy under Subchapter V of Chapter 11, which was enacted on or about February 19, 2020, for the reorganization of small business debtors. *See* 11 U.S.C. § 1181 *et. seq.*; *see also In re Staples*, No. 2:22-CV-157-JES, 2023 WL 119431, at *2 (M.D. Fla. Jan. 6, 2023) ("The Small Business Reorganization Act of 2019 (SBRA) became effective on February 19, 2020 and added Subchapter V to Chapter 11 of the Bankruptcy Code to streamline reorganizations for small business debtors.") (internal quotations omitted).

Appellants are unsecured creditors of the Debtor for intellectual property claims for past due invoices and damages that accrued before the bankruptcy petition date (*see* ECF No. 9-1 at 138).[2] The parties were partaking in ongoing negotiations regarding the settlement of the Creditors' claims and moved twice to extend the deadline by which to initiate proceedings to determine the nondischargeability of their claims. Appellants argue that their claims are nondischargeable under Subchapter V (*id.*)

The Federal Rules of Bankruptcy Procedure provide:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c). Chief Judge Romero granted the first Extension of Time to Object to Debtor's Discharge and extended the deadline to July 6, 2021 (*id.* at 142). The parties then filed

---

[2] This appeal's factual background is drawn from the Bankruptcy Court's Record on Appeal and information from the Bankruptcy Court's case docket (*See* ECF No. 9; *see also* Case No. 20-16717-MER, United States Bankruptcy Court for the District of Colorado).

a Second Stipulated Motion to Extend the Deadline to Object to Debtor's Discharge on July 6, 2021 (*id*. at 143-44). The Bankruptcy Court, in a one-page Order, denied the stipulated motion as moot because:

> As relevant herein, § 1192 provides if a debtor's plan is confirmed pursuant to § 1191(b), upon completion of all payments due within the first 3 years of the plan and unless the Court approves a written waiver otherwise, the Court shall grant the debtor a discharge of all debts under § 1141(d)(1)(A) and those allowed under § 503 and provided for in the plan, except any debt "of the kind specified in § 523(a)." Section 523(a) in turn provides for a range of debts which are excepted from discharge. Notably, however, § 523(a) qualifies such exceptions only from the discharge of "an individual debtor." Accordingly, this Court concludes the limitations identified in § 1192(2) are only applicable to individual Subchapter V debtors and does not apply to entity debtors such as Revelant. The Bankruptcy Court for the District of Maryland has also examined this provision and reached the same conclusion.

(*Id*. at 147-48).

Chief Judge Romero's analysis relied exclusively upon *In re Satellite Restaurants Inc. Crabcake Factory USA*, 626 B.R. 871 (Bankr. D. Md. 2021) and *In re Cleary Packaging LLC*, 630 B.R. 466 (Bankr. D. Md. 2021). In 2022, while the instant appeal was pending, the Fourth Circuit reversed the United States Bankruptcy Court for the District of Maryland in *In re Cleary Packaging LLC*. The Fourth Circuit held that, as a matter of first impression for the Fourth Circuit, the discharge exceptions under Subchapter V of Chapter 11 (i.e., 11 U.S.C. § 523(a)) applied to both individual and corporate debtors under 11 U.S.C. § 1192(2), because the statutory language of § 1192(2) only carved out exceptions to the *kind of debt* specified in § 523(a) and did not carve out exceptions for *the type of debtor. In re Cleary Packaging, LLC*, 36 F.4th 509, 518 (4th Cir. 2022) (emphasis added). Ultimately, the Fourth Circuit held that the discharge exceptions in Subchapter V of Chapter 11 apply to both individuals and corporate debtors under § 1192(2),

which would arguably make Appellants' debts nondischargeable. *Id*. at 517–18; *but see In re GFS Indus., LLC*, 647 B.R. 337, 344 (Bankr. W.D. Tex. 2022), *motion to certify appeal granted*, No. 22-50403-CAG, 2023 WL 1768414 (Bankr. W.D. Tex. Feb. 3, 2023) (disagreeing with the Fourth Circuit's analysis and finding that the discharge exceptions in Subchapter V of Chapter 11 apply only to individual debtors).

The Appellants filed a Notice of Appeal of an interlocutory order under 28 U.S.C. § 158(a)(1) and (c)(1)(A). The parties agree that this Court has jurisdiction to hear the appeal and this Court concurs. *See In re Eagle*, 373 B.R. 609, 610 (B.A.P. 8th Cir. 2007) (finding that an order to grant an extension of time to seek, in part, a determination of the dischargeability of a debt is interlocutory). The District Court has jurisdiction to hear appeals from final orders and certain interlocutory orders. 28 U.S.C.A. § 158(a)(1) and (2). For all other interlocutory orders, a party may appeal only with the leave of the Court. 28 U.S.C. § 158(a)(3). The District Court has discretion when deciding whether to review an interlocutory appeal. *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989).

The Court looks to the factors within 28 U.S.C. § 1292(b) when analyzing whether to grant leave as 28 U.S.C. § 158(a) is silent. *In re Adam Aircraft Indus., Inc.*, No. 09-CV-00729 AP, 2010 WL 717841, at *2 (D. Colo. Feb. 23, 2010). 28 U.S.C. § 1292(b) provides that leave should only be granted if the order being appealed "involves a controlling question of law for which there is substantial ground for difference of opinion, and the immediate resolution of the issue will materially advance the ultimate termination of the litigation." Such leave should be granted for exceptional cases where "prohibiting review would force an appellant to irrevocably lose an important right, and cases where an appellant will effectively be denied review if the proceeding

progresses to its natural end." *In re Fox*, 241 B.R. 224, 233 (B.A.P. 10th Cir. 1999).  The Court finds that this case justifies an interlocutory appeal because the question of the applicability of 11 U.S.C. § 523(a) to non-individual, entity debtors in cases filed under Subchapter V of Chapter 11 of the United States Bankruptcy Code is a currently-evolving issue of law and resolution of the issue will materially advance the ultimate termination of the litigation.

The Court finds that because the Bankruptcy Court's decision relied solely upon decisions from the United States Bankruptcy Court for the District of Maryland to determine that the limitations identified in 11 U.S.C. § 1192(2) (i.e., the kind of debt specified within § 523(a)) are only applicable to individual Subchapter V debtors.  There has now been an intervening change in the law, which warrants reanalysis by the Bankruptcy Court.  The Court finds the Fourth Circuit's analysis persuasive and reverses and remands the case back to the Bankruptcy Court to reanalyze the issue in light of *In re Cleary Packaging, LLC*, 36 F.4th 509, 518 (4th Cir. 2022).

Accordingly, this Court REVERSES the Bankruptcy Court's Order regarding the parties' Second Stipulated Motion to Extend the Deadline to Object to Debtor's Discharge and REMANDS the case for further proceedings, including consideration of *In re Cleary Packaging*.

DATED this 28th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge